IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADIDAS-SALOMON N. AMERICA, INC.,

        Plaintiff,

                                05cv0810

    v.

                                ELECTRONICALLY FILED

FEDEX FREIGHT, INC. and
FEDEX TRADE NETWORKS, INC.

        Defendants.

<u>MEMORANDUM ORDER</u>

        Currently pending before this Court is defendants' motion to dismiss the second amended complaint (doc. no. 48), and plaintiff's motion to strike defendants' motion to dismiss (doc. no. 51).  In its motion to dismiss, defendants argue that plaintiff's claims of negligence, breach of contract, breach of the Uniform Commercial Code of New York, and conversion should be dismissed because those claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  In response, plaintiff has filed a motion to strike arguing that since this Court previously granted a motion to strike based upon defendants' failure to timely file its first motion to dismiss, this Court should again deny its motion to dismiss the second amended complaint and strike the motion as similarly untimely.  This Court declines to strike the motion to dismiss the second amended complaint because it was not untimely filed under these circumstances; however, the Court will also deny defendants' motion to dismiss.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this stage of the proceedings, that plaintiff will be able to state no set of facts in support of its claims at Counts I, II, III and IV of the Second Amended Complaint.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss the second amended complaint (doc. no. 48) is DENIED and plaintiff's motion to strike is (doc. no. 51) is **DENIED** without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.  However, if at the time of the consideration of defendants' motion for summary judgment, it becomes clear that plaintiffs' should have consented to dismissal of Counts I, II, III, and IV, the Court will consider an appropriate motion of defendants' for attorney's fees and costs for the preparation of the motion for summary judgment as to those Counts.

SO ORDERED this 23rd day of December, 2005.

s/Arthur J. Schwab

Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below

Leonard Fornella, Esquire
Juliet Leopardi, Esquire
Heintzman Warren
707 Grant Street
The Gulf Tower, 35th Floor
Pittsburgh, PA 15219

James J. Wescoe, Esquire
Rawle & Henderson, LLP
One South Penn Square
16th Floor
Philadelphia, PA 19107

Frank C. Botta , Esquire
Ellen P. Milcic, Esquire
Thorp, Reed & Armstrong
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA 15222-4895

3

4